IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : CRIMINAL NO. 07-17-3 | |
| YAN HERSHMAN | : | |



FILED
JUL 16 2008
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE
## FROM GUIDELINE SENTENCING RANGE AND MOTION TO IMPOUND

The United States of America, by its attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, Peter F. Schenck, Assistant United States Attorney for the District, and Linda I. Marks, Senior Litigation Counsel, Office of Consumer Litigation, U.S. Department of Justice, hereby files a motion, pursuant to Section 5K1.1 of the Sentencing Guidelines, in support of a downward departure below the sentencing range recommended by the Sentencing Guidelines, based upon his substantial assistance in the investigation and prosecution of other persons. In support of this motion, the government submits this memorandum.

1. Defendant Yan Hershman was indicted on January 11, 2007, on charges relating to his participation from 2003 until 2005 in an odometer tampering conspiracy. Hershman was charged in all 37 counts of the Indictment: one count of conspiracy (18 U.S.C. § 371), twelve counts of securities fraud (18 U.S.C. §§ 513, 2), nine counts of wire fraud (18 U.S.C. §§ 1343, 2), fourteen counts of false odometer statements (49 U.S.C. §§ 32705(a) and 32709(b), 18 U.S.C. § 2), and four counts of

Social Security fraud (42 U.S.C. § 408(a)(7)(A)). On September 18, 2007, Hershman pled guilty to five of the charged counts in the Indictment: Count One (conspiracy to commit securities fraud, wire fraud, odometer tampering, and false odometer statements), Count Seven (securities fraud ), Count Nineteen (wire fraud), Count Thirty-Six (false odometer statements), and Count Thirty-Nine (use of a Social Security number based on false information).

The sentencing calculation resulted in an total offense level of 30, and a Criminal History of I. This results in a guideline range sentence of 97-121 months. The sentencing factors found to be applicable in the presentence report are those to which the parties stipulated in the plea agreement, as well as a third level of downward adjustment for acceptance of responsibility under USSG § 3E1.1(b) for defendant's timely notification to the government of his intent to plead guilty, and by providing complete information about his own involvement in the offense. The government moves the Court for the third level of adjustment pursuant to USSG § 3E1.1(b).

2. The government also moves for departure below the sentencing range recommended by the Sentencing Guidelines based on the defendant's substantial assistance in the investigation of others. In <u>United States v. Torres</u>, 251 F.3d 138, 147 (3d Cir. 2001), the Court stated:

> We strongly urge sentencing judges to make specific findings regarding each factor and articulate thoroughly whether and how they used any proffered evidence to reach their decision. In sum, it is incumbent upon a sentencing judge not only to conduct an individualized examination of the defendant's substantial assistance, but also to acknowledge § 5K1.1's factors in his or her

analysis.

In this case, the relevant factors are as follows:

(1) <u>Nature of assistance</u>: Hershman identified unindicted co-conspirators, including three mechanics who physically rolled back odometers, and at least one organizer of the conspiracy who recruited him and others, and who helped bankroll the operation. He has provided information about the other indicted co-conspirators, explained the daily workings of the conspiracy, and has provided a laptop computer used in the course of the conspiracy to prepare forms used to sell low mileage vehicles and to list vehicles for sale on eBay. He has explained how eBay sales were conducted, and identified "shell bidders" used to bid up vehicles. He has been debriefed by the government on multiple occasions and has testified in the grand jury.

(2) <u>Significance of cooperation</u>: In this case, defendant personally delivered high-mileage vehicles to the mechanics and later observed the altered low mileage on these same vehicles' odometers. He was also tasked with selling low-mileage vehicles on eBay after those vehicles had been sold at a wholesale auto auction with false low mileage, and subsequently returned to the auction. Because defendant was recruited by an unindicted co-conspirator and provided information about the recruitment of others by this same co-conspirator, his information is of great significance to the government. The information provided by defendant shed light on how vehicles were acquired, their vehicles and titles altered, and subsequently sold.

(3) <u>Reliability of information</u>: Defendant was an integral part of the conspiracy, having been recruited as a "frontman" on bank accounts and at least one New Jersey dealer license. He took orders from the leaders of the conspiracy, and observed the process of purchasing high-mileage vehicles, altering their odometers and titles, and selling them at false low mileage at auction and through wholesalers. His information has been credible, forthright, and reliable, and was corroborated by documentary and testimonial evidence.

(4) <u>Danger to defendant</u>: In this case, the defendant has been incarcerated since his arrest in January 2007. However, by cooperating with the government there was a possibility of placing his ex-wife and son at some risk. As stated in the government's motion to seal defendant's plea agreement, one of the unindicted co-conspirators identified by the defendant as an organizer of the conspiracy was present at a shooting incident in New York that stemmed from this odometer fraud conspiracy, and which resulted in one death and the wounding of two other individuals. While the defendant in that matter entered a guilty plea and is now serving an eight-year sentence, the government's belief is that individuals associated with that defendant have knowledge of the whereabouts of Hershman and his family, and could pose a threat to their physical safety.

(5) <u>Timeliness</u>: Hershman was the first defendant to make known to the government his intention to plead guilty and cooperate.

(6) <u>Other factors</u>: In this case, the defendant's involvement was at the behest of others, and he was not a leader, organizer, or manager in the criminal conspiracy.

Rather, he took orders from others, who used defendant as a "frontman" to conceal their own involvement and carry out the odometer tampering conspiracy. While his name was on bank accounts, a post office box, and dealer licenses, and was used to register vehicles at auctions, he was a salaried employee, and did not exert ultimate control over the finances involved in the scheme.

For these reasons, the government respectfully files this motion in support of a departure below the sentencing range recommended by the Sentencing Guidelines, based upon the defendant's substantial assistance in the investigation and prosecution of other persons.

Yan Hershman was an integral part of the conspiracy, but in a sense was a pawn used by others to promote and carry out the odometer tampering scheme. Admittedly, he did not withdraw from the conspiracy when he realized the true nature of the business, but willingly participated as a driver, auction representative, and frontman on business records and bank accounts. He wired money to pay for high mileage vehicles, deposited checks from the sale of low mileage vehicles, and performed other functions essential to the success of the conspiracy. Unlike the leaders of the conspiracy, he was salaried, so he did not realize the large profits these others did. Hershman's assistance to the government warrants a 50% departure from the low end of the guideline sentence.

Based upon the nature of the information provided in this motion, disclosure of this information may result in harm to the defendant, the defendant's family and others, may result in the flight of subjects of an ongoing investigation to avoid

potential prosecution, may result in the destruction of or tampering with evidence, or may otherwise seriously jeopardize an ongoing investigation. For these reasons, the government respectfully requests that the motion and order regarding this motion be filed under seal. A proposed form of sealing order is attached.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

PETER F. SCHENCK
Assistant United States Attorney
Commercial & Consumer Fraud
peter.schenck@usdoj.gov

LINDA I. MARKS
Senior Litigation Counsel
Office of Consumer Litigation
U.S. Department of Justice
linda.marks@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Motion to Permit Departure from Guideline Sentencing Range and Motion to Impound has been served by facsimile and Federal Express, upon:

Ronald F. Abel, Esq.
The Abel Law Group, P.C.
1706 Race St., Suite 402
Philadelphia, PA 19103
215-988-1228 facsimile

PETER F. SCHENCK
Assistant United States Attorney

FILED
JUL 16 2008
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

DATED: July 14, 2008.