

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA



UNITED STATES OF AMERICA       :

    v.                               :   CRIMINAL NO. 07-17-3

YAN HERSHMAN                :

**FILED**

JUL 16 2008

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## ORDER

AND NOW, this \lu^{th} day of July, 2008, upon consideration of the government's motion, pursuant to Section 5K1.1 of the Sentencing Guidelines, for a downward departure, the Court enters this Order.

The Court finds as follows:

1. <u>Nature of assistance</u>. Section 5K1.1 lists as a relevant factor "the nature and extent of the defendant's assistance." In this case, defendant identified unindicted co-conspirators, including three mechanics who physically rolled back odometers, and at least one organizer of the conspiracy who recruited him and others, and who helped bankroll the operation. He has provided information about the other indicted co-conspirators, explained the daily workings of the conspiracy, and turned over to the government a laptop computer used in the course of the conspiracy to prepare forms used to sell low-mileage vehicles and to list vehicles for sale on eBay. He has explained how eBay sales were conducted. He has been debriefed by the government on multiple occasions and has testified in the grand jury.

2. <u>Significance of cooperation</u>. Section 5K1.1 lists as a relevant factor

"the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered." In this case, defendant personally delivered high-mileage vehicles to the mechanics and later observed the altered low mileage on these same vehicles' odometers. He was also tasked with selling low-mileage vehicles on eBay after those vehicles had been sold at a wholesale auto auction with false low mileage, and subsequently returned to the auction. Because defendant was recruited by an as-yet unindicted co-conspirator and provided information about the recruitment of others by this same co-conspirator, his information is of great significance to the government. The information provided by defendant shed light on how vehicles were acquired, their vehicles and titles altered, and subsequently sold.

3. Reliability of information. Section 5K1.1 lists as a relevant factor "the truthfulness, completeness, and reliability of any information or testimony provided by the defendant." In this case, defendant was an integral part of the conspiracy, having been recruited as a "frontman" on bank accounts and at least one New Jersey dealer license. He took orders from the leaders of the conspiracy, and observed the process of purchasing high-mileage vehicles, altering their odometers and titles, and selling them at false low mileage at auction and through wholesalers. His information has been consistently credible, forthright, and reliable, and has been corroborated by documentary and testimonial evidence.

4. Danger to defendant. Section 5K1.1 lists as a relevant factor "any injury suffered, or any danger or risk of injury to the defendant or his family

resulting from his assistance." In this case, the defendant has been incarcerated since his arrest in January 2007. However, by cooperating with the government there was a possibility of placing his ex-wife and son at some risk. As stated in the government's motion to seal defendant's plea agreement, one of the unindicted co-conspirators identified by the defendant as an organizer of the conspiracy was present at a shooting incident in New York that stemmed from this odometer fraud conspiracy, and which resulted in one death and the wounding of two individuals. While the defendant in that case entered a guilty plea and is now serving an eight-year sentence, the government's belief is that individuals associated with that defendant have knowledge of the whereabouts of Hershman and his family, and could pose a threat to their physical safety.

5. <u>Timeliness</u>. Section 5K1.1 lists as a relevant factor "the timeliness of the defendant's assistance." In this case, the defendant made known to the government at an early stage of the proceedings his intention to plead guilty and cooperate.

6. <u>Other factors</u>. This Court has considered other relevant factors in determining whether and to what extent to depart, including the nature of the defendant's offense and its impact on victims. In this case, the defendant's involvement was at the behest of others, and he was not a leader, organizer, or manager in the criminal conspiracy. Rather, he took orders from others, who used defendant as a "frontman" to conceal their own involvement and further the odometer tampering conspiracy.

Upon considering and balancing all of these factors, the Court determines that the defendant provided important and timely information in a matter of public significance, at some personal risk, and accordingly is entitled to a downward departure at sentencing. Therefore, the government's motion under Section 5K1.1 is hereby granted, based on the defendant's substantial assistance in the investigation and prosecution of others.

BY THE COURT:

_____
HONORABLE LEGROME D. DAVIS
UNITED STATES DISTRICT JUDGE

XC: MAILED
R. ABEL
P. SCHENCK AUSA

- 4 -