IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | No. 07-00017-01 |
| | : | |
| MIKHAIL GOKHMAN | : | |

**SENTENCING MEMORANDUM OF DEFENDANT MIKHAIL GOKHMAN**

Defendant, Mikhail Gokhman, by his counsel undersigned, respectfully submits the following memorandum to assist the Court in fashioning a just and fair punishment which is not greater than necessary to accomplish the fundamental objectives of Sentencing as articulated in Title 18 U.S.C. § 3553(a).

**I.    INTRODUCTION**

On October 2, 2008, Mikhail Gokhman will appear before this Court to be sentenced in connection with the very serious crimes to which he has pled guilty and accepted complete responsibility.

**II.   PROCEDURAL HISTORY**

On January, 11, 2007, a grand jury sitting in the Eastern District of Pennsylvania returned a forty-count indictment charging Mikhail Gohkman, Edvard Khakhan, and Yan Hershman with various crimes committed in the course of a conspiracy to purchase high-mileage used motor vehicles, alter the mileage on the vehicles' titles and odometers, and

1

sell the vehicles at a false low mileage to dealers and consumers.  Mr. Gokhman was named in counts One through Thirty-Six of the indictment.  On September 18, 2007, Mr. Gokhman appeared before this Court and plead guilty to Conspiracy (Count 1); Securities Fraud (Count 3); Wire Fraud (Count 16); and False Odometer Statements (Counts 28 and 36), in violation of 18 U.S.C. § 371 (Count 1); 18 U.S.C. § 513 (Count 3); 18 U.S.C. § 1343 (Count 16); 49 U.S.C. §§ 32705(a), 23709(b) (Counts 28 and 36); and 18 U.S.C. § 2 (all counts except Count 1).

In accordance with standard practice, at the time of the guilty plea, the Court ordered a Pre-Sentence Investigation Report ("PIR").  In response to an early draft of the PIR prepared by Probation Officer Brett A. White, undersigned counsel sent a letter to Mr. White providing certain factual clarifications to the report's contents.  On August 12, 2008, Probation Officer White issued the final PIR, which acknowledges these proffered clarifications at footnotes 6, 7, 9, and 30.  I have attached a copy of the letter to Mr. White, and with these exceptions, the Court can feel free to adopt as accurate the information set forth in the PIR.

### III. FACTUAL HISTORY

The facts and offense conduct relevant to the Mr. Gokhman's case are adequately set forth in the PIR at paragraphs 11 through 42 and are not in dispute.  Mr. Gokhman admitted these facts at his guilty plea hearing and accepts all responsibility for his crimes.

### IV. CALCULATION OF DEFENDANT'S SENTENCING RANGE UNDER THE FEDERAL SENTENCING GUIDELINES

In the PIR, Probation Officer White correctly calculated Mr. Gokhman's total offense level at 34. (PIR Paragraphs 53-69). Additionally, based on Mr. Gokhman's two prior convictions and the fact that the crime for which he is currently being sentenced occurred while he was on probation, the total of his criminal history points is four. According to the sentencing table at U.S.S.G. Chapter 5 Part A, four criminal history points establishes a criminal history category of III. (PIR Paragraphs 71-77). Based on a total offense level of 34 and a criminal history category of III, the Guideline range for imprisonment is 188 to 235.

Mr. Gokhman has no technical objections to Parole Officer White's calculation. Nevertheless, because a sentence of less then 188 months is minimally sufficient to meet the goals of sentencing, Mr. Gokhman urges the Court to vary from the Guidelines.[1]

## V.    SENTENCING CONSIDERATIONS

As the Supreme Court has consistently asserted, "'[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.'" Gall v. United States, 128 S.Ct. 586, 598 (2007) quoting Koon v. United States, 518 U.S. 81, 113 (1996). This enduring principle was given new life in United States v. Booker, where the United States Supreme Court held that those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory (18 U.S.C. § 3553(b)(1)), or which rely upon the Guideline's mandatory nature (18 U.S.C. § 3742(e)),

---

[1] As the 3rd Circuit does in United States v. Vampire Nation, this brief acknowledges the distinction that characterizes sentences based on specific Guideline provisions as "departures" and post-Booker Section 3553 discretionary sentences as "variances." 451 F.3d 189, 195 n.2 (3rd Cir. 2006).

to be incompatible with the Sixth Amendment. 543 U.S. 220, 244 (2005). Accordingly, the Court severed and excised those provisions, thereby rendering the Guidelines "effectively advisory." Id. at 245.

The 3rd Circuit has developed a three-step approach to sentencing that district courts must follow in the wake of Booker:

(1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.

(2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force.

(3) Finally, they are required to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculation under the Guidelines.

United States v. Gunter, 462 F.3d 237, 247 (3rd Cir. 2006) (quotation marks, brackets, and citations omitted), citing United State v. King, 454 F.3d 187, 194, 96 (3rd Cir. 2006); United States v. Cooper, 437 F.3d 324, 329-30 (3rd Cir. 2006). Thus, steps one and two mirror the pre-Booker scheme, in which any sentence outside the applicable sentencing range must be imposed pursuant to the departure framework provided by the Guidelines.

It is 18 U.S.C. § 3553(a), however, that ultimately governs the imposition of the defendant's sentence, with the Guidelines calculation operating as merely one factor amongst the variety of considerations listed in this statute. See Booker, 543 U.S. at 246. As the Supreme Court has emphatically stated, a sentencing judge "may not presume that the Guidelines range is reasonable." Gall, 128 S.Ct. at 596-97. Rather, it is the mandate in Section 3553(a) that "[t]he court shall impose a sentence sufficient, **but not greater then necessary**, to comply with purposes set forth in paragraph (2) of this subsection,"

4

that guides trial courts' sentencing determinations. 18 U.S.C. § 3553(a) (emphasis added). These purposes, as listed in 18 U.S.C. § 3553(a)(2), include "the need for the sentences imposed--

- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- (B) to afford adequate deterrence to criminal conduct;
- (C) to protect the public from further crimes of the defendant; and
- (D) to provide the defendant with needed education and vocational training, medical care, or other correctional treatment in the most effective manner.

Also, sentencing courts are directed to consider the following factors:

- (1) the nature and circumstances of the offense and the history and characteristics of the defendant (18 U.S.C. § 3553(a)(1));
- (2) the kinds of sentences available; (18 U.S.C. § 3553(a)(3));
- (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (18 U.S.C. § 3553(a)(6)); and
- (4) the need to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7));

As the 3rd Circuit has been adamant in emphasizing, "[t]he record must demonstrate the trial court gave meaningful considerations to the § 3553(a) factors. <u>Cooper</u>, 437 F.3d at 329.

In addition to Section 3553, other statutory section also provide district courts with guidance in sentencing. In particular, in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is **not** an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a) (emphasis added).

## VI. BACKGROUND AND PERSONAL CHARACTERISTICS

In 1991 at the age of eighteen, Mikhail Gokhman immigrated to the United States from his native Dagestan, a former Soviet satellite state, with his father and step-mother. Their journey was prompted by the violent religious and racial persecution they had been subject to in their native land and was facilitated by an American Jewish group with the assistance of the U.S. government. When Mikhail arrived in Virginia Beach, VA, his family was destitute and he spoke no English.

After briefly attending high school where he participated in an English as a second language program, Mikhail got his first job doing menial tasks at a nursing home. He soon thereafter joined his father delivering pizzas. After carefully saving his money over the next few years and teaching himself English, he was finally able to start up a used car sales business in 1994. It was within this profession that Mikhail deviated into criminal activity. Prompted by the responsibilities of his recent marriage and the death of his closest friend and source of support, his Father, Mikhail began to sell used cars with rolled-back odometers and forged titles. As is reflected in the numerous letters written to this Court on behalf of Mikhail by his close friends and family, he deeply regrets his transgressions and fully accepts the consequences of his illegal activities.

Mikhail's deepest regret is the consequences that his incarceration will have on his family. He is a dedicated husband and father, sharing a close bond with his young son Jacob and complete adoration for his baby girl Jamie. Mikhail's absence from his family will have a devastating effect on those he loves, and he understands that he has no one to blame for the pain this will cause them but himself.

Despite his criminal behavior, Mr. Gokhman is blessed with the support not only of his family, but with members of his cultural and religious community. As this court

considers his sentence, what is clear is that there is a loyal and committed group of people throughout Mikhail's life that will provide all the motivation and support that he needs to avoid engaging in criminal activity in the future.

## VII. REQUEST FOR VARIANCE

### A. The Purposes of Punishment Detailed in Section 3553(a) of the Sentencing Guidelines Can be Fulfilled by Imposing a Term of Incarceration Well Below that Specified in Defendant's Calculated Range

Mikhail Gokhman is exposed to a Guideline sentencing range of 188 to 235 months, or roughly fifteen to twenty years. Although this Court may find that the seriousness of his offense justifies sentencing him to a period of incarceration pursuant to 18 U.S.C. § 3553(a)(2)(A), we implore the court to consider imposing a sentence well below this range. We believe that Mikhail's sincere contrition and the compelling influence of his family and friends will prevent him from committing any such fraudulent acts against the public again. As such, the need for his sentence "to afford adequate deterrence to criminal conduct" and "protect the public from further crimes" appears to be accounted for. 18 U.S.C. § 3553(a)(2)(B) and (C). Furthermore, the sooner that Mikhail can reenter the workplace, the sooner he can go about complying with his restitution order and reimbursing the victims of his crimes for the losses they have incurred. See 18 U.S.C. § 3553(a)(7).

### B. Defendant's Criminal History Classification Overstates the Likelihood that Defendant Will Commit Other Crimes

The substantial period of imprisonment implicated in Mikhail's sentencing calculation appears to be partially the consequence of his Guidelines calculation overstating his criminal history. Due to the propensity for such exaggerations within the sentencing framework, the Circuit Courts in this country have acknowledged a means to accommodate this problem within the statutory scheme; Section 4A1.3. As the 3rd Circuit acknowledged in <u>United States v. Shoupe</u>, due to the "imprecision inherent in the criminal history classifications" of the Guidelines, Section 4A1.3 operates as a mechanism for district courts to impose a sentence below the Guidelines when "the career offender provision overstates a defendant's criminal history." 35 F.3d 835, 836-37, 39 (3rd Cir. 1994).

Included in Mikhail's criminal history calculation is a 1996 conviction involving the transportation of untaxed cigarettes, for which he was ordered to pay court costs and fines. (PIR Paragraphs 73-74). This twelve year old, relatively minor conviction resulted in Mikhail being accredited four criminal history points, as opposed to three, which would have placed in the category II. Without downplaying the seriousness of this offense or Mr. Gokhman's guilt with respect to it, we respectfully submit that a II categorization more accurately represents Mikhail's past criminal behavior. As such, we urge the court to conclude that Mr. Gokhman's category III criminal history assessment overstates "the likelihood that the defendant will commit other crimes" and justifies a departure below the 188 month designation of his Guideline calculation. U.S.S.G. § 4A1.3(b), 18 U.S.C.A.

## VII. CONCLUSION

Mikhail stands at the mercy of this court a remorseful and penitent man. Based on the aforementioned reasons, we urge the court to impose a sentence well below his designated range. Such a sentence will be "sufficient but not greater than necessary" to accomplish the purposes set forth in the Guidelines scheme.

Respectfully submitted,

s/ FORTUNATO N. PERRI, JR.
FORTUNATO N. PERRI, JR.
Attorney for the Defendant

**CERTIFICATE OF SERVICE**

FORTUNATO N. PERRI, JR., Esquire hereby certifies that a true and correct copy of the within Sentencing Memorandum has been served electronically upon:

The Honorable Legrome Davis
United States Courthouse, Room 6614
601 Market Street
Philadelphia, Pa. 19106

Linda Marks, Assistant United States Attorney
U.S. Department of Justice
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

**s/ FORTUNATO N. PERRI, JR.**
**FORTUNATO N. PERRI, JR., Esquire**
**Attorney for defendant**
**Suite 701, 30 S. 15th Street**
**One Penn Square West**
**Philadelphia, PA 19102**
**(215) 981-0999**