Filed Under Seal

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 07-17-1 |
| MIKHAIL GOKHMAN | : | |

## ORDER

AND NOW, this 2¬ day of October, 2008, upon consideration of the government's motion, pursuant to Section 5K1.1 of the Sentencing Guidelines, for a downward departure, the Court enters this Order.

The Court finds as follows:

1. <u>Nature of assistance</u>. Section 5K1.1 lists as a relevant factor "the nature and extent of the defendant's assistance." In this case, defendant identified unindicted co-conspirators, including three mechanics who physically rolled back odometers, and defendant's business partner, another organizer of the conspiracy who helped bankroll the operation. He has provided information about the other indicted co-conspirators, explained the daily workings of the conspiracy, and turned over to the government inventory books he and his partner maintained which showed expenses and profits on the vehicles they bought and sold. He turned over original sales documents, auction invoices, and bank records (including statements, cancelled checks, and check registers) relevant to the conspiracy, as well as for other businesses used to roll back vehicles before the

- 1 -

time frame charged in the Indictment. He has been debriefed by the government on multiple occasions and has testified in the grand jury.

2. **Significance of cooperation.** Section 5K1.1 lists as a relevant factor "the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered." In this case, defendant was an organizer of this conspiracy, and was familiar with every aspect of the operation. He was able to provide inventory books he and his partner maintained which appear to be some of the only documentary evidence that link his as-yet unindicted partner to the conspiracy. The information provided by defendant confirmed a co-defendant's information on how vehicles were acquired, their vehicles and titles altered, and subsequently sold. Defendant's cooperation was secured several months after his indictment and after the government had amassed significant evidence of the involvement of defendant and others in the conspiracy.

3. **Reliability of information.** Section 5K1.1 lists as a relevant factor "the truthfulness, completeness, and reliability of any information or testimony provided by the defendant." As a leader and organizer of the conspiracy, defendant was essential to its operation. His information was credible and reliable, and was corroborated by documentary and testimonial evidence. However, at times the defendant was reticent to volunteer details of his and others' involvement. As an example, defendant did not provide the inventory books to the government until the day before he testified in the

grand jury, over one year after he agreed to cooperate.

4. <u>Danger to defendant</u>. Section 5K1.1 lists as a relevant factor "any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance." By cooperating with the government there was a possibility of placing his wife and children at some risk. As stated in the government's motion to seal defendant's plea agreement, one of the unindicted co-conspirators identified by the defendant as an organizer of the conspiracy was present at a shooting incident in New York that stemmed from this odometer fraud conspiracy, and which resulted in one death and the wounding of two other individuals. While the defendant in that matter entered a guilty plea and is now serving an eight-year sentence, the government's belief is that individuals associated with that defendant have knowledge of the whereabouts of Gokhman and his family, and could pose a threat to their physical safety.

5. <u>Timeliness</u>. Section 5K1.1 lists as a relevant factor "the timeliness of the defendant's assistance." Gokhman was the second defendant to make known to the government his intention to plead guilty and cooperate.

Upon considering and balancing all of these factors, the Court determines that the defendant provided important and timely information in a matter of public significance, at some personal risk, and accordingly is entitled to a downward departure at sentencing. Therefore, the government's motion under
Section 5K1.1 is hereby granted, based on the defendant's substantial assistance in the

investigation and prosecution of others.

        Secondly, upon consideration of the Government's request to impound its Motion for Downward Departure from Sentencing Guidelines, and accompanying order and docket papers, and after balancing the public right of access to the documents with the government's interest in protecting cooperating witnesses, maintaining the secrecy of ongoing criminal investigations, it is hereby ORDERED that the Government's Motion, this Order, and docket papers are SEALED and IMPOUNDED until further Order of the Court.

BY THE COURT:

_____
HONORABLE LEGROME D. DAVIS
UNITED STATES DISTRICT JUDGE

*cc: [illegible]*
*P. Schenck AUSA*
*L. Marks AUSA*
*F. Perri*